January 20th, 1818, Judge Roane pronounced the Court’s Opinion, as follows, after stating the case.
Altho’ the testimony offered by the defendant was rejected, and properly rejected, by the Court, the same, construction results from the face of the bond itself. The penalty of the bond is conditioned to be discharged by the payment of 1942. 9s. 9d. on or before the 25th of Dec. 1808, with interest from the date, “if not punctually paid.” It is evident that the agreement of the parties is completed, before the insertion of these last words “ with interest,” &c., at least so far as it respects the time of payment, and the sum to be then paid. The sum to be then paid is shewn to be 194Z. 9s. 9d. only, in exclusion of the back interest, by this consideration, that the payment of that sum on or before the 25th of Dec. 1808, would have discharged the penalty of the bond. These last words were only inserted to enforce, more effectually, the payment of the principal; to add to the penalty, by which the payment thereof was already secured. That is no part of the sum agreed to be paid on a given day, which only becomes payable after that day, and in the event that payment is not punctually made on the day. It is only a penalty.
The Court
understands it to be a clear principle, that the clause in our Act, (1 Rev. Code of 1794, p. 111,) which prescribes the sum for which judgment is to be rendered on a bond, meant that, in eases of penalties by way of *78 security, the final justice of the case should he attained in the Courts of law, for which, before, parties had been driven into the Courts of Equity. The Court is also of opinion, that, in effectuating this object, those Courts are to be governed by the same considerations which influence the Courts of Equity. If any authority is wanting to support this clear position, it may be found in the case of Bonafous v. Rybot, 3 Burr, 1373, in relation to the English statute of 4 and 5 Anne, ch. 16, which is substantially similar to our Act.
The principle of Equity upon this subject, is, that, where the condition is for the payment of a sum of money at a certain time, if it is not paid, the Court will allow interest upon it, from the day when it should have been paid, and considers the forfeiture as a penalty which is a subject matter of relief, (2 Fonb. 388.) Equity does not give more than the sum agreed to be paid, with interest thereupon from the time when it ought to have been paid. This is the just measure of repairing the breach of the agreement: all beyond it is relieved against, as being, in effect, a penalty.
Under .the influence of this principle, while it was held, in the case of Nicholls v. Maynard, 3 Atk. 521, that, where a mortgage was made reserving 5 per cent, interest, with an agreement to abate one per cent, in case of punctual payment being made, if payment at the time is not made, the five per cent, is payable, (for it was reserved, and the condition of abatement has not been complied with;)—it was also decided that, if four per cent, only had been reserved, with a proviso or condition that, in case of non-% payment by a certain time, the interest should be increased to five per cent., such proviso would not b ave been good; because, continue the Court, “ where the interest is to “be increased if the money be not paid on the day, that is “but as a nomine pocnm, and relievable in equity.” Where the greater sum is reserved, if the condition of abatement is not strictly complied with, it is to be paid; because it is reserved, and a contrary decision would contravene the agreement of the parties; but the greater sum is not to be paid where it is only reserved to enforce the payment of the smaller, which alone forms the measure of the con *79 tract of the parties. In other words, the agreement of the parties is to prevail, so far as it respects the sum agreed to be paid: it is to he relieved against, so far as it partakes of the nature of a penalty.
These positions, supported by all the authorities, are decisive of the case before us. The party is to get only that which he would have received, had the contract been duly complied with, and legal interest thereupon from the time when it should have been paid. All beyond is in the nature of a penalty, and rclievable against, by the principles of equity. The cases which shew that the rate of interest can not he increased, equally shew that the back interest can not be given: it will not be given unless it is reserved, as a part of the contract.
On these grounds, the Court is of opinion, to affirm the judgment of the Superior Court.